**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:23-cv-00012-MR**

| | |
|---|---|
| **ROBERT PRICE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )       **ORDER** |
| | ) |
| | ) |
| **ALLEN NORMAN, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's

Complaint [Doc. 1] filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)

and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 10].

## I.    BACKGROUND

Pro se Plaintiff Robert Price ("Plaintiff") is a prisoner of the State of

North Carolina currently incarcerated at Nash Correctional Institution in

Nashville, North Carolina. He filed this action on January 9, 2023, pursuant

to 42 U.S.C. § 1983, arising out of events that occurred while he was

detained at the Cleveland County Detention Center (the "Jail") in Cleveland

County, North Carolina. [Doc. 1]. He names the following Defendants: (1)

Allen Norman, identified as the Sheriff of Cleveland County; (2) Cleveland

County, North Carolina, identified as a municipality; (3) Southern Health

Partners, Inc., (SHP) identified as a "Municipality contracted medical provider;" (4) Atrium Health Care ("Atrium"), identified as a private medical care provider; (5) FNU Shea, identified as the Head Nurse employed by SHP; and (6) Ashley J. Williams, identified as a Nurse Practitioner employed by Atrium Health Care. [Doc. 1 at 2-3; Doc. 1-1 at 2-3]. Plaintiff sues Defendants Norman, Shea, and Williams in their individual and official capacities.[1] [Id. at 2; Doc. 1-1 at 3]. Plaintiff alleges as follows.

Defendant SHP is a private healthcare service provider that contracts with the Jail to provide general healthcare services to inmates at the Jail. [Doc. 1-1 at 5]. Defendant SHP places its medical staff at the Jail and contracts with local physicians and physician extenders to serve as medical directors and provide healthcare services at the Jail. [Doc. 1-1 at 5].

From October 12, 2021 to April 22, 2022, Plaintiff was a pretrial detainee at the Jail.[2] At intake, when Plaintiff was booked at the Jail, Plaintiff explained that he had a pre-existing bladder condition. Contrary to SHP policy, Plaintiff's medical history was not taken, and he was not given a physical examination within 24 hours of arrival. [Doc. 1-1 at 4, 6]. Rather,

_____

[1] Plaintiff purports to sue Defendant Cleveland County in its official capacity and Defendants SHP and Atrium in their individual and official capacities. [Doc. 1 at 3; Doc. 1-1 at 3].

[2] Plaintiff also alleges he was held at Central Prison in Raleigh for two months during this period. [Doc. 1-1 at 11].

Plaintiff's "male reproductive organ deformities" and "penile defect" were "ignored" for nine days until this process was complete. [Id.].

Contrary to North Carolina statute, Plaintiff was transferred to Central Prison from November 2021 to January 12, 2022, after undergoing surgery. Defendants Shea and Williams believed that Plaintiff was attempting to be "perverse" through his complaints about and descriptions of his genitalia defect and history of related services, which "lead to [his] surgery." [Id. at 11].

Although unclear, Plaintiff seems to allege that, after he returned to the Jail "from outside treatment," there was a lapse of two days in his receiving medications, which lead to "worsening condition resulting in emergency surgery."[3] [Doc. 1-1 at 11]. Plaintiff makes various vague allegations claiming that Defendant SHP and the Jail failed to communicate and to maintain an "effective system of internal communication" to ensure inmates' emergency medical needs were met. Plaintiff alleges Defendant SHP's failure to "execute instructions for Defendant Atrium's consultation," leading to "deficiency of treatment for a urinary tract infection, which lead to providing medication." [Id. at 11; see Doc. 1-1 at 6].

Plaintiff also seems to allege that the Jail's policies and protocols for

---

[3] It is not clear if Plaintiff's allegations involve one or two surgeries.

male detainees' urological care were insufficient and that nurses were not sufficiently trained to deal with male health needs. [Doc. 1-1 at 6]. Plaintiff vaguely alleges that Defendant Cleveland County's deficient plan for the provision of medical services caused the Jail's failure to provide Defendant SHP and detainees "with close or heightened observation." [Id.].

Based on these allegations, Plaintiff claims violation of his rights under the Eighth Amendment because a "municipal actor" was deliberately indifferent to his serious medical needs and under the Fourteenth Amendment by "County Defendants." [Doc. 1 at 3]. Plaintiff also claims violations of 42 U.S.C. § 1988(a), 31 U.S.C. § 3729(a)(1)(D), and 42 U.S.C. § 12101, et seq., and vaguely references intentional infliction of emotional distress.[4] [Doc. 1 at 3l Doc. 1-1 at 11].

Plaintiff does not separately set out his alleged injuries. [See Docs. 1, 1-1]. For relief, Plaintiff seeks monetary damages and purports to seek declaratory relief. [Doc. 1-1 at 14].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the

---

[4] These claims are wholly unsupported in fact and in law and the Court declines to address them further in this Order. They will be dismissed.

grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.  DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

5

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment.[5]  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate.  Id.  "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care."  Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted).  "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to

---

[5] Because the Plaintiff was a pre-trial detainee at the relevant times, his deliberate indifference claims are properly brought under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983). However, the Fourth Circuit has long applied the Eighth Amendment deliberate indifference standard to pretrial detainees' deliberate indifference claims. See Moss v. Harwood, 19 F.4th 614, 624 n.4 (4th Cir. 2021)  (noting that, "under Kingsley v. Hendrickson, 576 U.S. 389, 135 S.Ct. 2466, 192 L.Ed.2d 416 (2015), pretrial detainees bringing excessive force claims under the Fourteenth Amendment are no longer required to satisfy the analogous subjective component that governs the Eighth Amendment excessive force claims of convicted prisoners ... [however] the Supreme Court has not extended Kingsley beyond the excessive force context to deliberate indifference claims, ... and neither has our court...."); Mays v. Sprinkle, 992 F.3d 295, 300-02 (4th Cir. 2021) (declining to decide whether a pretrial detainee must satisfy the subjective component of the Eight Amendment deliberate indifference standard).

shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837; Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976).

Plaintiff here generally claims that he received inadequate and/or delayed medical care. Plaintiff's allegations, however, are too vague and confusing to state a claim for relief against any Defendant. For instance, Plaintiff alleges that his surgery somehow resulted from Defendants Shea and Williams believing Plaintiff was being perverse in his urologic complaints, but he fails to assert sufficient facts to support such a strange

claim. Plaintiff also references an "emergency surgery" that allegedly resulted from a two-day lapse in medication after outside treatment. Plaintiff, however, alleges no facts as to how any Defendants were involved in this series of events. Plaintiff makes vague claims about various policies or lack of policies but fails to tie these allegations to any denial of care or injury suffered. Ultimately, Plaintiff has not made allegations sufficient to support a claim that any Defendant was deliberately indifferent to his serious medical needs. Plaintiff's claims against Defendants Norman, Cleveland County, SHP, and Atrium are, therefore, also plainly unsupported. The Court, therefore, will dismiss Plaintiff's Eighth Amendment deliberate indifference claim on initial review.

Plaintiff also purports to state a claim under the Fourteenth Amendment by "County Defendants." "As a general matter, '[o]nly governmental conduct that shocks the conscience is actionable as a violation of the Fourteenth Amendment.'" Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004) (quoting Young, 238 F.3d at 574 (internal quotation and citation omitted)). Plaintiff fails to allege what conduct he contends violates the Fourteenth Amendment and the Court sees none. The Court, therefore, will also dismiss this claim on initial review.

The Court, however, will allow Plaintiff to amend his Complaint to state a claim for relief in accordance with the terms of this Order, if the facts support such an amendment.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: March 12, 2023

Martin Reidinger
Chief United States District Judge